UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES STOKES,

        Plaintiff,

v.                                                Case No. 07-C-59

BYRAN BARTOW, et al.,

        Defendants.

**ORDER**

Plaintiff Stokes, who is confined at the Wisconsin Resource Center (WRC) under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. More specifically, Stokes alleges that he was denied medical treatment for a "very serious medical need." (Compl. ¶ 3.) Stokes' complaint also suggests that the denial of medical care is in retaliation for his refusal to answer questions concerning his mental health put to him by Dr. Tom Michlowski, the Medical Director of WRC, who is also a psychologist. (Compl. ¶ 10.)

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act (PLRA), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. He states that he has assets of roughly twenty dollars and that he does have an institutional job for which he receives more than $50 per month. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987). Here, I conclude Stokes does not have sufficient income or assets to pay a meaningful portion of the filing fee. Accordingly, the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give

the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of Stoke's complaint.

Although the complaint does not allege facts to support the claim that Stoke's medical need was so serious that the delay in seeing a doctor could constitute a violation of his constitutional rights, it is sufficient to provide the defendants notice, which is all that is required under the federal rules of pleading. *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (". . . notice pleading being all that is required of claims that don't fall within the scope of Rule 9(b)"). I therefore conclude that Stokes has stated a claim for deliberate indifference to his serious medical needs and retaliation, which in this context, arise under the Due Process Clause of the Fourteenth Amendment, against Dr. Michlowski and Client Rights Specialist Colleen Collier. However, the complaint alleges no facts sufficient to provide WRC Director Byran Bartow notice of the conduct for which he could be liable. It alleges no personal involvement on his part, and since the doctrine of *respondeat superior* does not apply to § 1983 actions, *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), I find no claim against him. Accordingly, the complaint will be dismissed as to defendant Bartow.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted as to his claims for deliberate indifference and retaliation against defendants Michlowski and Collier, and the entire filing fee is waived. All claims against Bryan Bartow are dismissed without prejudice.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants Michlowski and Collier. Plaintiff is advised that Congress requires the U.S.

Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

**IT IS FURTHER ORDERED** that copies of this order be sent to the director of WRC and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   25th   day of January, 2007.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge