UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES STOKES,

    Plaintiff,

v.                                                      Case No. 07-C-59

TOM MICHLOWSKI, et al.,

    Defendants.

**DECISION AND ORDER**

Plaintiff James Stokes is confined at the Wisconsin Resource Center under this state's Chapter 980 program for sexually violent persons. He brought this lawsuit under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs; he further alleged that this denial of medical treatment constituted retaliation for his refusal to undergo a psychological interview upon admission to the WRC.

Stokes' principal allegation involves his claim that some sort of food was stuck in his throat for a period of weeks beginning in November 2006. According to the plaintiff, he was seen by a nurse some six days after filing a request, and the nurse could not find anything in his throat but acknowledged that it appeared inflamed. She said she would contact the physician. Nevertheless, he was not seen by a doctor until January 2, 2007, despite filing a number of requests for medical attention. He alleges that having something caught in his throat for weeks was an objectively serious medical condition and that the defendants' delay in seeing him constituted deliberate indifference. He believes the defendants' outlook was so hands-off that an inmate would literally have to be choking to death in order to receive medical attention, and that their delay in seeing him was so deficient that it violated the Constitution.[1]

---

[1] Because Stokes is not a prisoner, the Fourteenth Amendment applies rather than the Eighth.

According to the defendants, Stokes had been scheduled to see Dr. Michlowski in the clinic on two occasions during December but for unexplained reasons the doctor was unavailable. It also appears that Stokes may not have submitted the proper health services request. In any event, the crux of the defendants' defense is that Stokes cannot point to the existence of an objectively serious medical condition that he was forced to suffer, and such a condition is a prerequisite to a deliberate indifference claim. *Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007). When seen by a nurse on December 3, 2006, Stokes was informed that he was to notify the health services unit immediately if he experienced difficulty breathing or swallowing. He did not do so. (Michlowski Aff., Ex. 1002 at 3.) The nurse who examined him could not find anything in his throat. On December 26 he told a nurse that the problem had resolved itself but that he still wanted to see a doctor. (*Id.*) Stokes now claims that at night he could still feel something trapped in "a pocket" of his throat. (Stokes Aff., ¶ 11.) He does not deny that the problem was resolved as of the time he was seen by a doctor on January 2, 2007.

All this amounts to is an allegation of some discomfort that could not be alleviated by the nurse. In Stokes' own words, the delays in treatment "*could have* easily resulted in (Serious Physical Injury) or something more grave, and more tragic." (Pltf. Br. at 3; italics added). Even taking this statement at face value, deliberate indifference does not come into play when the plaintiff has not actually suffered any serious harm: the "grave" injury feared by the plaintiff did not come to pass. There is no allegation of serious pain or any trouble breathing or eating. An initial examination by a nurse could not find anything wrong, and the problem did not last more than a month after that date. Stokes does not, in other words, claim that anything particularly serious happened other than his experiencing of discomfort for a period of weeks. Even if scheduling and

2

other snafus prevented him from seeing a doctor for several weeks, that in itself is not enough to give rise to a constitutional violation. Absent some serious injury, the claim must be dismissed.[2]

The same is true for Stokes' retaliation claim. Although he makes a passing and conclusory assertion that he was denied care because he "refused" a psychological exam upon entry to the WRC, there is no basis for such a finding in the record. (Michlowski Aff., ¶ 8.) That is, there is no evidence that either of the defendants had any cognizance of Stokes' intent to exercise any right to refuse treatment; he relies (to the extent he even makes this argument) on his own subjective assumption that the defendants (a) knew he was refusing some kind of treatment and (b) were retaliating against him because of that refusal. That is no substitute for evidence. Just as important is that refusal of a psychological exam does not fall within an individual's First Amendment right to free expression. In other words, even if the defendants were somehow upset with him or delayed seeing him because he had refused an earlier examination, the only recourse he has is through a Fourteenth Amendment claim, not a claim for retaliation under the First Amendment.

In sum, **IT IS ORDERED** that the defendants' motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

Dated this ___13th___ day of December, 2007.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge

---

[2]Similarly, there is no basis for finding a constitutional violation based on the plaintiff's vague assertions regarding a lump under his arm or any other injuries. Without an allegation of serious injury or illness, delays in seeing the doctor (which are common even for those not confined to state institutions) do not constitute deliberate indifference.